JUDGE BATTS

07 CIV 9324

David A. Ward (DAW 7669)
MANDELBAUM, SALSBURG, GOLD,
LAZRIS & DISCENZA, P.C.
90 John Street, Suite 309
New York, New York 10038
(212) 791-7200
*Attorneys for plaintiffs*



RECEIVED
OCT 1 8 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A-DEL CONSTRUCTION CORP., BARRY J. BAKER, and HARRY G. JOHNSON,<br><br>Plaintiffs,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, METROPOLITAN SECURITIES, INC., RICHARD WEZNER, PLR MANAGEMENT CO., LLC, PENNSYLVANIA BUSINESS GROUP, UNITED GROUP PROGRAMS, MEDICAL BENEFIT ADMINISTRATORS, MANULIFE FINANCIAL CORPORATION, DONALD NEUHAUS, AMERICAN FINANCIAL SERVICES, INC., fictitious defendants JOHN DOE(S) I-X and ABC COMPANY(IES) I-X,<br><br>Defendants. | CIV. NO.<br><br><br>**COMPLAINT**<br>**With Demand for Trial by Jury** |

Plaintiffs A-Del Construction Corp., Barry J. Baker, and Harry G. Johnson, through their

attorneys, allege for their Complaint against defendants:

### THE PARTIES

1.     Plaintiff A-Del Construction Corp. is Delaware Corporation having a place of

business at 10 Adel Drive, Newark, Delaware, 19702.

2.     Plaintiff Barry Baker is a Delaware resident with an address at 10 Adel Drive, Newark, Delaware, 19702.

3.     Plaintiff Harry Johnson is a Delaware resident with an address at 10 Adel Drive, Newark, Delaware, 19702

4.     Defendant Metropolitan Life Insurance Company "MetLife" is an insurance company organized and existing under the laws of the State of New York, having its principal place of business at 200 Park Avenue, New York, New York.

5.     Defendant Metropolitan Securities, Inc. is a subsidiary of MetLife, organized and existing under the laws of the State of New York, having its principal place of business at 200 Park Avenue, New York, New York

6.     Defendant Richard Wezner ("Wezner") is an individual residing at 108 Hampton Lane, Blue Bell, Pennsylvania, 19422.

7.     Defendant Pennsylvania Business Group is a foreign entity owned or controlled by Wezner and with a principal place of business at 450 Plymouth Road, Plymouth Meeting, Pennsylvania 19462.

8.     Defendant PLR Management Co., LLC is a foreign limited liability company owned or controlled by Wezner and with a principal place of business at 450 Plymouth Road, Plymouth Meeting, Pennsylvania 19462.

9.     Defendant United Group Programs is a foreign company owned or controlled by Wezner and with a principal place of business at 450 Plymouth Road, Plymouth Meeting, Pennsylvania 19462.

10.    Defendant Medical Benefit Administrators is a foreign company owned or controlled by Wezner and with a principal place of business at 450 Plymouth Road, Plymouth Meeting, Pennsylvania 19462.

11.    Defendant Manulife Financial Corporation "Manulife" is an insurance company organized and existing under the laws of Canada, having its principal place of business at 200 Bloor Street East, NT-7, Toronto, Ontario, Canada.

12.    Defendant Donald Neuhaus is an individual with a residence and/or place of business at 2875 Churn Creek Road, Redding, California 96002.

13.    Defendant American Financial Services, Inc. is a corporation with a place of business at 2875 Churn Creek Road, Redding, California 96002.

14.    Fictitious defendants John Doe(s) I-X are individuals acting or purporting to act on behalf of MetLife and/or Wezner and who have committed one or more tortious acts against plaintiffs as set forth herein. The identity of these defendants and their precise role is unknown at this time and plaintiffs reserve the right to amend the Complaint to identify these individuals and the nature of their wrongful conduct prior to trial.

15.    Fictitious defendants ABC Company(ies) I-X are corporations, limited liability companies, partnerships, or other entities acting or purporting to act on behalf of MetLife and/or Wezner and who have committed one or more tortious acts against plaintiffs as set forth herein. The identity of these defendants and their precise role is unknown at this time and plaintiffs reserve the right to amend the Complaint to identify these entities and the nature of their wrongful conduct prior to trial.

## JURISDICTION AND VENUE

16.     There is complete diversity of jurisdiction between plaintiffs and defendants and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees and costs. Therefore, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1367(a).

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 (a) because, among other things, defendant MetLife is a New York corporation; the other corporate defendants have offices in New York and/or upon information and belief do business in New York, at the times relevant herein, defendants routinely engaged in business within New York and within this district; and the acts which form the basis of the controversy at issue occurred within New York and within this district.

## FIRST COUNT

18.     At all times pertinent hereto, plaintiffs obtained certain policies of life insurance, annuities, and other investments from defendant MetLife.

19.     At all times pertinent hereto, defendant MetLife authorized Wezner to act on its behalf in connection with the purchase and procurement of life insurance policies, annuities, and other investments for MetLife customers.

20.     Under the direction and control of MetLife, Wezner procured and managed, on behalf of plaintiffs, the policies, annuities, accounts, and other investments listed on Schedule A hereto.

21.     During the period of Wezner's wrongful conduct as alleged herein, MetLife permitted Wezner to hold himself out as a MetLife registered representative.

22.     Plaintiffs placed Wezner and MetLife in a position of trust and confidence, relying upon the representations of Wezner and MetLife in agreeing to place millions of dollars in life insurance policies, annuities, and other investments under the control of Wezner and direction of MetLife with the express and implicit understanding that Wezner and MetLife would act in plaintiffs' best interests.

23.     Without plaintiffs' authorization or knowledge, Wezner made unlawful disbursements from and converted funds from plaintiffs to himself or to entities that he controlled, including but not limited to some or all the accounts listed on Schedule A annexed hereto.

24.     Wezner used United Group Programs, PLR Management Co., LLC, Pennsylvania Business Group, and Medical Benefit Administrators (collectively the "Wezner Entities") and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X to participate in Wezner's fraudulent conduct by generating transactions with or among these entities in an effort to conceal Wezner's unlawful disbursements and conversion of funds and by receiving funds from the Schedule A Accounts for their own benefit and/or the benefit of Wezner and MetLife.

25.     During the period of Wezner's wrongful and fraudulent conduct, MetLife owed a duty to plaintiffs to supervise the actions of Wezner, among other things.

26.     MetLife failed to adequately supervise Wezner.

27.     As a result of Wezner's fraudulent conduct and conversion of funds and MetLife's failure to supervise the conduct of Wezner, plaintiffs have sustained substantial damages in an amount to be determined at trial.

28.    The conduct of Wezner, MetLife, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X was undertaken with a willful and wanton disregard of plaintiffs' rights.

29.    Wezner, MetLife, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X are jointly and severally liable for all damages sustained by plaintiffs.

WHEREFORE, plaintiffs request the following relief:

a)    An accounting of all payments received by or disbursements made by Wezner and the Wezner entities or other assets improperly received by Wezner, MetLife, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X from plaintiffs or from plaintiffs' accounts;

b)    Judgment in favor of plaintiffs and against defendants jointly and severally for compensatory damages, consequential damages, and punitive damages, in an amount to be determined at trial;

c)    Judgment for all attorneys' fees, costs and expenses incurred in this matter; and

d)    Judgment awarding such other and further relief that the Court deems just or proper.

## SECOND COUNT

30.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though set forth in full herein.

31.    Without plaintiffs' authorization or knowledge, Wezner unlawfully and fraudulently diverted 3,310 shares of Manulife Financial Corporation common stock (the "Manulife Securities") owned by plaintiff Barry Baker to defendant PLR Management Company, an entity owned and controlled by Wezner.

32.    Without plaintiffs' authorization or knowledge, MetLife and its agents permitted the aforesaid transfer of the Manulife securities by Wezner to an entity owned and controlled by Wezner.

33.    In order to effectuate the foregoing transaction, Wezner committed fraud by, among other things, forging the signature of Barry Baker, passing himself off as being authorized to act on behalf of Baker, and obtaining the assistance of MetLife representatives in order to complete the unlawful and unauthorized sale.

34.    Upon plaintiffs' discovery of the aforesaid conduct of Wezner, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X, plaintiffs contacted MetLife and requested MetLife's assistance in plaintiffs' efforts to determine the full scope of fraud committed by the foregoing parties.

35.    Upon plaintiffs' discovery of the conduct of Wezner, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X, plaintiffs contacted Manulife and MetLife and requested their assistance in obtaining the return of the Manulife securities.

36.    MetLife has verbally represented to plaintiffs that MetLife is undertaking a thorough investigation of Wezner's fraud and the MetLife would make plaintiffs whole as soon as MetLife had completed its investigation.

37.    MetLife has failed to advise plaintiffs of the results of its investigation and has failed to make plaintiffs whole.

38.    MetLife has refused to assist plaintiffs in their efforts to obtain the return of the ManuLife securities being held by Wezner.

39.    Manulife has refused to rescind the wrongful conversion of the Manulife securities.

40.   As a result of Wezner's conversion and MetLife's failure to supervise the conduct of its representatives, plaintiffs have sustained damages in an amount to be determined at trial.

41.   As a result of Wezner's conversion and Manulife's refusal to rescind the illegal sale of the Manulife securities, plaintiffs have sustained damages in an amount to be determined at trial.

42.   The conduct of Wezner, MetLife, Manulife, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X was undertaken with a willful and wanton disregard of plaintiffs' rights.

43.   Wezner, MetLife, Manulife, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X are jointly and severally liable for all damages sustained by plaintiffs.

WHEREFORE, plaintiffs request the following relief:

a)   An accounting of all payments received by or disbursements made by Wezner and the Wezner entities or other assets improperly received by Wezner, MetLife, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X from plaintiffs or from plaintiffs' accounts;

b)   Judgment in favor of plaintiffs and against defendants for compensatory damages as a result of the wrongful conversion of the Manulife securities,

c)   Judgment in favor of plaintiffs and against defendants for consequential damages and punitive damages, in an amount to be determined at trial;

d)   Judgment for all attorneys' fees, costs and expenses incurred in this matter; and

e)   Judgment awarding such other and further relief that the Court deems just or proper.

### THIRD COUNT

44.   Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though set forth in full herein.

45.    Upon plaintiffs' discovery of the conduct of Wezner, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X, plaintiffs contacted MetLife and requested MetLife's assistance in plaintiffs' efforts to determine the full scope of fraud committed by the foregoing parties.

46.    MetLife has verbally represented to plaintiffs that MetLife is undertaking a thorough investigation of Wezner's fraud and the MetLife would make plaintiffs whole as soon as MetLife had completed its investigation.

47.    MetLife has failed to advise plaintiffs of the results of its investigation and has failed to make plaintiffs whole.

WHEREFORE, plaintiffs request the following relief:

a)    Judgment in favor of plaintiffs and against defendants jointly and severally for compensatory damages, consequential damages, and punitive damages, in an amount to be determined at trial;

b)    Judgment for all attorneys' fees, costs and expenses incurred in this matter; and

c)    Judgment awarding such other and further relief that the Court deems just or proper.

## FOURTH COUNT

48.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though set forth in full herein.

49.    Wezner fraudulently induced plaintiffs to make life insurance premium payments to MetLife by, among other things, falsely representing the amount of the premiums, falsely stating the terms of the policies, and falsely representing that the policies had been obtained.

50.    During the period of Wezner's wrongful and fraudulent conduct, MetLife permitted Wezner to hold himself as a MetLife registered representative.

51.   During the period of Wezner's wrongful and fraudulent conduct, MetLife failed to properly supervise Wezner's activities.

52.   Upon discovering Wezner's wrongful and fraudulent conduct, MetLife failed and refused to notify plaintiffs.

53.   Subsequent to MetLife's discovery of Wezner's wrongful and fraudulent conduct, MetLife concealed material information from plaintiffs which prevented plaintiffs from learning of Wezner's wrongful acts.

54.   Plaintiffs relied upon MetLife's fraudulent concealment.

55.   As a result of Wezner's wrongful and fraudulent conduct and MetLife's failure to supervise the conduct of its representative and its fraudulent concealment thereof, plaintiffs have sustained damages in an amount to be determined at trial.

56.   The conduct of Wezner, MetLife, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X was undertaken with a willful and wanton disregard of plaintiffs' rights.

57.   Wezner, MetLife, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X are jointly and severally liable for all damages sustained by plaintiffs.

WHEREFORE, plaintiffs request the following relief:

a.   An accounting of all premium payments received byWezner and MetLife, or other assets improperly received by Wezner, MetLife, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X from plaintiffs;

b.   Judgment in favor of plaintiffs and against defendants jointly and severally for compensatory damages, consequential damages, and punitive damages, in an amount to be determined at trial;

c.    Judgment for all attorneys' fees, costs and expenses incurred in this matter; and

d.    Judgment awarding such other and further relief that the Court deems just or proper.

## FIFTH COUNT

58.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though set forth in full herein.

59.    During the time that Wezner represented to plaintiffs that he was a registered representative of MetLife, plaintiffs agreed to permit Wezner to coordinate the payments of life insurance premiums, health insurance premiums, and other matters on their behalf.

60.    Among other things, plaintiffs made payments to defendants Medical Benefit Administrators,United Group Programs, and the other Wezner Entities in reliance upon Wezner's statements that these payments were necessary for the procurement and maintaining of certain policies.

61.    Wezner fraudulently induced plaintiffs to make these payments by, among other things, falsely representing the amount of the premiums, falsely stating the terms of the policies, and falsely representing that the policies had been obtained.

62.    During the period of Wezner's wrongful and fraudulent conduct, MetLife permitted Wezner to hold himself out as a MetLife registered representative.

63.    During the period of Wezner's wrongful and fraudulent conduct, MetLife failed to properly supervise Wezner's activities.

64.    Upon discovering Wezner's wrongful and fraudulent conduct, MetLife failed and refused to notify plaintiffs.

65.   Subsequent to MetLife's discovery of Wezner's wrongful and fraudulent conduct, MetLife concealed material information from plaintiffs which prevented plaintiffs from learning of Wezner's wrongful acts.

66.   Plaintiffs relied upon MetLife's fraudulent concealment.

67.   As a result of Wezner's wrongful conduct and MetLife's failure to supervise the conduct of its representative and its fraudulent concealment, plaintiffs have sustained damages in an amount to be determined at trial.

68.   The conduct of Wezner, MetLife, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X was undertaken with a willful and wanton disregard of plaintiffs' rights.

69.   Wezner, MetLife, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X are jointly and severally liable for all damages sustained by plaintiffs.

WHEREFORE, plaintiffs request the following relief:

a.   An accounting of all payments received by or disbursements made by Wezner and the Wezner entities or other assets improperly received by Wezner, MetLife, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X from plaintiffs or from plaintiffs' accounts;

b.   Judgment in favor of plaintiffs and against defendants jointly and severally for compensatory damages, consequential damages, and punitive damages, in an amount to be determined at trial;

c.   Judgment for all attorneys' fees, costs and expenses incurred in this matter; and

d.   Judgment awarding such other and further relief that the Court deems just or proper.

## SIXTH COUNT

70.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though set forth in full herein.

71.    MetLife aided and abetted the wrongful conduct of Wezner and the Wezner entities by concealing material information concerning Wezner's wrongful and fraudulent conduct which MetLife had a duty to disclose to plaintiffs.

72.    MetLife has conspired with Wezner, the Wezner entities, and others to conceal from plaintiffs Wezner's wrongful and fraudulent conduct which MetLife had a duty to disclose to plaintiffs.

73.    MetLife's concealment of material information from plaintiffs prevented plaintiffs from learning of Wezner's wrongful and fraudulent acts.

74.    Plaintiffs relied upon the actions, statements, and omissions of MetLife as MetLife aided and abetted Wezner's wrongful and fraudulent conduct.

75.    Plaintiffs relied upon the actions, statements, and omissions of MetLife as MetLife conspired to conceal Wezner's wrongful and fraudulent conduct.

76.    As a result of MetLife's actions, plaintiffs have sustained damages in an amount to be determined at trial.

77.    The conduct of Wezner, MetLife, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X was undertaken with a willful and wanton disregard of plaintiffs' rights.

78.    Wezner, MetLife, the Wezner Entities, and fictitious defendants ABC

Company(ies) I-X and John Doe(s) I-X are jointly and severally liable for all damages sustained

by plaintiffs.

WHEREFORE, plaintiffs request the following relief:

a.    An accounting of all payments received by or disbursements made
by Wezner and the Wezner entities or other assets improperly
received by Wezner, MetLife, the Wezner Entities, and fictitious
defendants ABC Company(ies) I-X and John Doe(s) I-X from
plaintiffs or from plaintiffs' accounts;

b.    Judgment in favor of plaintiffs and against defendants for
compensatory damages, consequential damages, and punitive
damages, in an amount to be determined at trial;

c.    Judgment for all attorneys' fees, costs and expenses incurred in this
matter; and

d.    Judgment awarding such other and further relief that the Court
deems just or proper.

### SEVENTH COUNT

79.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though

set forth in full herein.

80.    Without plaintiffs' authorization or knowledge, Wezner prepared various trusts,

powers of attorneys, assignments and agreements as part of his efforts to defraud plaintiffs.

81.    Among the forged and fraudulent documents prepared by Wezner was an

assignment purporting to assign to defendants Donald Neuhaus and/or American Financial

Services, Inc.all of plaintiffs' interest in MetLife Insurance Policy No. 998951314UM, in

exchange for a payment from Neuhaus to Wezner of $75,000.

82.    MetLife and its agents were aware of the fraudulent assignment of the foregoing

life insurance policy.

83.    Upon plaintiffs' discovery of the conduct of Wezner, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X, plaintiffs contacted MetLife and requested MetLife's assistance in plaintiffs' efforts to determine the full scope of fraud committed by the foregoing parties.

84.    MetLife has refused to assist plaintiffs in their efforts to obtain the return of the MetLife Insurance Policy No. 998951314UM from defendant Neuhaus

85.    Neuhaus and/or American Financial Services has refused to rescind the wrongful assignment of MetLife Insurance Policy No. 998951314UM.

86.    As a result of Wezner's conversion and MetLife's failure to supervise the conduct of its representatives, plaintiffs have sustained damages in an amount to be determined at trial.

87.    As a result of Wezner's conversion and Neuhaus's refusal to rescind the illegal assignment of the life insurance policy, plaintiffs have sustained damages in an amount to be determined at trial.

88.    The conduct of Wezner, MetLife, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X was undertaken with a willful and wanton disregard of plaintiffs' rights.

89.    Wezner, MetLife, Neuhaus, American Financial Services, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X are jointly and severally liable for all damages sustained by plaintiffs.

WHEREFORE, plaintiffs request the following relief:

     a.    An accounting of all payments received by or disbursements made by Wezner and the Wezner entities or other assets improperly received by Wezner, MetLife, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X from

plaintiffs or from plaintiffs' accounts;

b.       Judgment in favor of plaintiffs and against defendants for compensatory damages as a result of the wrongful assignment of the MetLife Insurance Policy No. 998951314UM;

c.       Rescission of the wrongful assignment of the MetLife Insurance Policy No. 998951314UM;

d.       Judgment in favor of plaintiffs and against defendants for consequential damages and punitive damages, in an amount to be determined at trial;

e.       Judgment for all attorneys' fees, costs and expenses incurred in this matter; and

f.       Judgment awarding such other and further relief that the Court deems just or proper.

## EIGHTH COUNT

90.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs as though set forth in full herein.

91.    Based upon plaintiffs' current knowledge, the following persons constitute a group of persons and entities associated-in- fact: (a) defendant Metropolitan Life Insurance Company; (b) defendant MetLife Securities, Inc.; (c) defendant Richard Wezner; (d) defendants the Wezner Entities; and (e) individuals enlisted by MetLife, Wezner, and the Wezner Entities to further the fraudulent schemes alleged herein, including unofficial entities and groups who have received payments from or benefited from the fraudulent scheme perpetrated by Wezner and the Wezner Entities, with the assistance and aid of MetLife and its agents and employees (hereafter the Wezner Enterprise).

92.    The Wezner Enterprise is an ongoing organization which engages in, and whose activities affect, interstate commerce.

93.    MetLife, Wezner, and the Wezner Entities have directed and controlled the ongoing organization necessary to implement their profit-making scheme and illicit business practices, for example, through numerous communications as described herein.

94.    The Wezner Enterprise functions by providing insurance consultation, advice and related services as well as insurance products.  Some of these services and products may be legitimate; however, through the Wezner Enterprise defendants MetLife, Wezner, and the Wezner Entities have engaged in a pattern of racketeering activity which involves a fraudulent scheme to increase premium payments to MetLife and convert funds to the Wezner Entities by unauthorized disbursements from plaintiffs' accounts and by charging commissions, penalties and other fees in connection with the sale of the MetLife insurance policies and services.

95.    Through the Wezner Enterprise, defendants MetLife, Wezner, and the Wezner Entities implemented their fraudulent scheme and the Enterprise functioned as a continuing unit for the common purpose of increasing the profit of the MetLife Defendants, Wezner, and the Wezner Entities.

96.    The MetLife Defendants, Wezner, and the Wezner Entities participate in and are members of the Wezner Enterprise; however, they also have an existence separate and distinct from the Enterprise.

97.    Defendants MetLife, Wezner, and the Wezner Entities have substantially participated in the conduct of and have exercised control and operated the affairs of the Wezner Enterprise by the means described in the preceding allegations herein.

98.    The Wezner Enterprise has an ascertainable structure separate and apart from the pattern of racketeering activity in which defendants MetLife, Wezner, and the Wezner Entities have engaged.

99.    As set forth herein, defendants have engaged in and continue to engage in conduct violating 18 U.S.C. §1341 (relating to mail fraud), 18 U.S.C. §1342 (use of fictitious names or addresses) and/or 18 U.S.C. §1343 (relating to wire fraud) in order to effectuate their scheme and further the Wezner Enterprise.

100.    In addition, to make their scheme effective, each of the MetLife Defendants, Wezner, and the Wezner Entities aided and abetted the others in violating the above laws within the meaning of 18 U.S.C. §2, which conduct also violates 18 U.S.C. §§1341, 1342 and 1343.

101.    To carry out or attempt to carry out their scheme to defraud or obtain money by means of false pretenses, representations or promises, defendants MetLife, Wezner, and the Wezner Entities, in violation of 18 U.S.C. §§ 1341 1342 and 1343, placed in post offices and/or official depositories of the United States Postal Service matter and things to be delivered by the Postal Service, caused matter and things to be delivered by commercial interstate carrier, and received matter and things from the Postal Service or commercial interstate carriers, including, but not limited to, agreements, correspondence, policy materials, binders, fee schedules, payments from plaintiffs that constituted the fruits of these defendants' wrongful and fraudulent conduct, claims, responses to claims, and coverage letters, false information intended to be included in filings with the Internal Revenue Service and the Securities Exchange Commission.

102.    To carry out or attempt to carry out their scheme to defraud or obtain money by means of false pretenses, representations or promises, the MetLife Defendants, Wezner, and the

Wezner Entities, in violation of 18 U.S.C. §§ 1343 and 1342, transmitted and received by wire, matters and things including, but not limited to, agreements, correspondence, policy materials, binders, fee schedules, payments from clients and insurers that constituted the fruits of these defendants' wrongful conduct, claims, responses to claims, and coverage letters, false information intended to be included in filings with the Internal Revenue Service and the Securities Exchange Commission.

103.    The MetLife Defendants, Wezner, and the Wezner Entities' misrepresentations, acts of concealment and failures to disclose were knowing and intentional, and made for the purpose of deceiving plaintiffs and assuring these defendants of the placement of business and enabling MetLife, Wezner, and the Wezner Entities to collect premiums, commissions, fees and penalties.

104.    MetLife, Wezner, and the Wezner Entities either knew or recklessly disregarded the fact that the misrepresentations and omissions described above were material, and plaintiffs relied on the misrepresentations and omissions by continuing to engage in business with Wezner and the Wezner Entities and continuing to make the payments in premiums, commissions, fees and penalties to MetLife, Wezner, and the Wezner Entities.

105.    As a result of the conduct of MetLife, Wezner, and the Wezner Entities, plaintiffs have been injured in their business or property by these defendants' overt acts of mail and wire fraud and by their aiding and abetting each others' acts of mail and wire fraud in furtherance of the conspiracy.

106.    MetLife, Wezner, and the Wezner Entities have engaged in a "pattern of racketeering activity," as defined in 18 U.S.C. §1961(5), by committing or aiding and abetting in

the commission of at least two acts of racketeering activity (i.e., indictable violations of 18 U.S.C.

§§1341, 1342 and 1343 as described above) within the past ten years. In fact, each of these

defendants has committed or aided and abetted in the commission of dozens of acts of

racketeering activity.

107.    Each act of racketeering activity was related, had a similar purpose, involved the

same or similar participants and method of commission, had similar results, and impacted similar

victims, including plaintiffs.

108.    The multiple acts of racketeering activity, which defendants MetLife, Wezner, and

the Wezner Entities committed and/or conspired to or aided and abetted in the commission of,

were related to each other in furtherance of the scheme described above, amount to and pose a

threat of continued racketeering activity, and therefore constitute a "pattern of racketeering

activity" as described in 18 U.S.C. §1961(5).

109.    Section 1962(c) of RICO provides that "it shall be unlawful for any person

employed by or associated with any enterprise engaged in, or the activities of which affect,

interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of

such enterprise's affairs through a pattern of racketeering activity . . . ."

110.    Through the pattern of racketeering activity described above, defendants MetLife,

Wezner, and the Wezner Entities have conducted or participated in the conduct of the affairs of the

enterprises and, accordingly, have violated §1962(c).

111.    Section 1962(d) of RICO makes it unlawful "for any person to conspire to violate

any of the provisions of subsection (a), (b), or (c) of this section."

112.    The conspiracy of MetLife, Wezner, and the Wezner Entities to increase premium payments to MetLife and convert funds to the Wezner Entities by unauthorized disbursements from plaintiffs' accounts and by charging commissions, penalties and other fees in connection with the sale of the MetLife insurance policies and services and by abandoning their duties to plaintiffs and concealing their fraudulent scheme as described above violates 18 U.S.C. §1962(d).

113.    As a direct and proximate result of the foregoing, plaintiffs have been injured in their business or property by the predicate acts constituting the pattern of racketeering activity as alleged herein.

WHEREFORE, plaintiffs request the following relief:

a.    An accounting of all payments received by or disbursements made by Wezner and the Wezner Entities or other assets improperly received by Wezner, MetLife, the Wezner Entities, and fictitious defendants ABC Company(ies) I-X and John Doe(s) I-X from plaintiffs or from plaintiffs' accounts;

b.    Judgment in favor of plaintiffs and against defendants jointly and severally for compensatory damages, consequential damages, and punitive damages, in an amount to be determined at trial;

c.    Treble damages and attorneys' fees as provided for in 18 U.S.C. § 1961 et seq.;

d.    Judgment for all attorneys' fees, costs and expenses incurred in this matter; and

e.    Judgment awarding such other and further relief that the Court deems just or proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), plaintiffs hereby demand trial by jury as to all claims in this litigation.

Dated: October 17, 2007

Respectfully submitted,
MANDELBAUM, SALSBURG, GOLD,
LAZRIS & DISCENZA, P.C.
*Attorneys for Plaintiffs*

David A. Ward (DAW 7669)
Arthur D. Grossman

**Schedule A to Complaint**

**Accounts Mismanaged and/or Converted by Richard Wezner While
Under the Purported Supervision of Metropolitan Life Insurance Company**

| Account/Policy No. | Owner | Account/Policy No. | Owner |
|---|---|---|---|
| 5ML203517 | A-Del Construction Corp. | 0Y084244 | Barry Baker |
| 5ML040208 | Barry Baker | 08327456 | TBD |
| 5ML040224 | A-Del Construction Corp. | 0U096597 | TBD |
| 5ML028427 | Barry Baker | 0Y083660 | Harry Johnson |
| 5916996 | Harry Johnson | 740279600A | Harry Johnson |
| 2U52690 | Harry Johnson | 810206381A | Harry Johnson |
| 2U52697 | Harry Johnson | 073401896AB | Harry Johnson |
| 998951313UM | Barry Baker | 200138092UM | Harry Johnson |
| 998750840UM | Harry Johnson | 200233372ET | Harry Johnson |
| 998750995UM | Harry Johnson | 2010473181UM | A-Del Construction Corp. |
| 998751030UM | Barry Baker | 006719225 | Barry Baker |
| 998850677UM | Harry Johnson | 6FX069711 | Harry Johnson |
| 998851002UM | Harry Johnson | 15515327 | Harry Johnson |
| 998851004UM | Harry Johnson | 904295865A | Harry Johnson |
| 998951314UM | Barry Baker | 386185867408046 | TBD |
| FV3223538 | Harry Johnson/Barry Baker | 29200105 | TBD |
| 7000146 | Barry Baker | 073401896 | TBD |
| 51783165 | Harry Johnson | 7478230 | Harry Johnson |
| 659021691 | Barry Baker | 7001239 | Barry Baker |
| 5409430 | Harry Johnson | | |
| | | | |
| | | | |