David A. Ward (DAW 7669)
MANDELBAUM, SALSBURG, GOLD,
LAZRIS & DISCENZA, P.C.
90 John Street, Suite 309
New York, New York 10038
(212) 791-7200
*Attorneys for plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| A-DEL CONSTRUCTION CORP., BARRY J. BAKER, and HARRY G. JOHNSON,<br><br>Plaintiffs,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, METROPOLITAN SECURITIES, INC., RICHARD WEZNER, PLR MANAGEMENT CO., LLC, PENNSYLVANIA BUSINESS GROUP, UNITED GROUP PROGRAMS, MEDICAL BENEFIT ADMINISTRATORS, MANULIFE FINANCIAL CORPORATION, DONALD NEUHAUS, AMERICAN FINANCIAL SERVICES, INC., fictitious defendants JOHN DOE(S) I-X and ABC COMPANY(IES) I-X,<br><br>Defendants. | CIV. NO. 07CV9324 (DAB)(KNF)<br><br>**CIVIL RICO STATEMENT AS REQUIRED BY THE INDIVIDUAL RULES OF PRACTICE OF THE HONORABLE DEBORAH A. BATTS** |

Pursuant to the Individual Rules of the Honorable Deborah A. Batts, plaintiffs submit the

following in support of their claims alleging violations of 18 U.S.C. § 1962. This Statement is

subject to amendment upon further discovery, particularly in light of the fact that certain critical

information is in the possession of defendants and has been concealed from plaintiffs.

1.      **State whether the unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c) and/or (d)**:

Plaintiffs allege violations of 18 U.S.C. §§ 1962(c) and (d).

2.      **List each defendant and describe the misconduct and basis of liability of each defendant**:

Defendant Metropolitan Life Insurance Company; defendant MetLife Securities, Inc.; defendant Richard Wezner; and defendants the Wezner Entities as identified at paragraphs 7 through 10 of the Complaint.

Defendants MetLife, Wezner, and the Wezner Entities have engaged in a pattern of racketeering activity which involves a fraudulent scheme to increase premium payments to MetLife and convert funds to the Wezner Entities by unauthorized disbursements from plaintiffs' accounts and by charging commissions, penalties and other fees in connection with the sale of the MetLife insurance policies and services.  Through the Wezner Enterprise as alleged in the Complaint at paragraphs 92 through 112, defendants MetLife, Wezner, and the Wezner Entities implemented their fraudulent scheme and the Enterprise functioned as a continuing unit for the common purpose of increasing the profit of the MetLife Defendants, Wezner, and the Wezner Entities.

The MetLife Defendants, Wezner, and the Wezner Entities participate in and are members of the Wezner Enterprise; however, they also have an existence separate and distinct from the Enterprise.  As set forth in the Complaint, defendants have engaged in and continue to engage in conduct violating 18 U.S.C. §1341 (relating to mail fraud), 18 U.S.C. §1342 (use of fictitious names or addresses) and/or 18 U.S.C. §1343 (relating to wire fraud) in order to effectuate their scheme and further the Wezner Enterprise.  In addition, to make their scheme effective, each of

the MetLife Defendants, Wezner, and the Wezner Entities aided and abetted the others in violating

the above laws within the meaning of 18 U.S.C. §2, which conduct also violates 18 U.S.C.

§§1341, 1342 and 1343.

To carry out or attempt to carry out their scheme to defraud or obtain money by means of

false pretenses, representations or promises, defendants MetLife, Wezner, and the Wezner

Entities, in violation of 18 U.S.C. §§ 1341 1342 and 1343, placed in post offices and/or official

depositories of the United States Postal Service matter and things to be delivered by the Postal

Service, caused matter and things to be delivered by commercial interstate carrier, and received

matter and things from the Postal Service or commercial interstate carriers, including, but not

limited to, agreements, correspondence, policy materials, binders, fee schedules, payments from

plaintiffs that constituted the fruits of these defendants' wrongful and fraudulent conduct, claims,

responses to claims, and coverage letters, false information intended to be included in filings with

the Internal Revenue Service and the Securities Exchange Commission.

To carry out or attempt to carry out their scheme to defraud or obtain money by means of

false pretenses, representations or promises, the MetLife Defendants, Wezner, and the Wezner

Entities, in violation of 18 U.S.C. §§ 1343 and 1342, transmitted and received by wire, matters

and things including, but not limited to, agreements, correspondence, policy materials, binders, fee

schedules, payments from clients and insurers that constituted the fruits of these defendants'

wrongful conduct, claims, responses to claims, and coverage letters, false information intended to

be included in filings with the Internal Revenue Service and the Securities Exchange Commission.

The MetLife Defendants, Wezner, and the Wezner Entities' misrepresentations, acts of

concealment and failures to disclose were knowing and intentional, and made for the purpose of

deceiving plaintiffs and assuring these defendants of the placement of business and enabling

MetLife, Wezner, and the Wezner Entities to collect premiums, commissions, fees and penalties.

MetLife, Wezner, and the Wezner Entities either knew or recklessly disregarded the fact

that the misrepresentations and omissions described above were material, and plaintiffs relied on

the misrepresentations and omissions by continuing to engage in business with Wezner and the

Wezner Entities and continuing to make the payments in premiums, commissions, fees and

penalties to MetLife, Wezner, and the Wezner Entities.  As a result of the conduct of MetLife,

Wezner, and the Wezner Entities, plaintiffs have been injured in their business or property by

these defendants' overt acts of mail and wire fraud and by their aiding and abetting each others'

acts of mail and wire fraud in furtherance of the conspiracy.

MetLife, Wezner, and the Wezner Entities have engaged in a "pattern of racketeering

activity," as defined in 18 U.S.C. §1961(5), by committing or aiding and abetting in the

commission of at least two acts of racketeering activity (i.e., indictable violations of 18 U.S.C.

§§1341, 1342 and 1343 as described above) within the past ten years.  In fact, each of these

defendants has committed or aided and abetted in the commission of dozens of acts of

racketeering activity.  Each act of racketeering activity was related, had a similar purpose,

involved the same or similar participants and method of commission, had similar results, and

impacted similar victims, including plaintiffs.

The multiple acts of racketeering activity, which defendants MetLife, Wezner, and the

Wezner Entities committed and/or conspired to or aided and abetted in the commission of, were

related to each other in furtherance of the scheme described above, amount to and pose a threat of

continued racketeering activity, and therefore constitute a "pattern of racketeering activity" as described in 18 U.S.C. §1961(5).

Section 1962(c) of RICO provides that "it shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." Through the pattern of racketeering activity described above, defendants MetLife, Wezner, and the Wezner Entities have conducted or participated in the conduct of the affairs of the enterprises and, accordingly, have violated §1962(c).

Section 1962(d) of RICO makes it unlawful "for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." The conspiracy of MetLife, Wezner, and the Wezner Entities to increase premium payments to MetLife and convert funds to the Wezner Entities by unauthorized disbursements from plaintiffs' accounts and by charging commissions, penalties and other fees in connection with the sale of the MetLife insurance policies and services and by abandoning their duties to plaintiffs and concealing their fraudulent scheme as described above violates 18 U.S.C. §1962(d). As a direct and proximate result of the foregoing, plaintiffs have been injured in their business or property by the predicate acts constituting the pattern of racketeering activity as alleged herein.

In addition to its direct participation, MetLife is vicariously liable for the conduct of Wezner, individually and through the conduct of the Wezner Entities. See *Amendolare v. Schenkers Intern. Forwvarders, Inc.,* 747 F.Supp. 162, 168 (E.D.N,Y. 1990) (corporation liable for RICO claims arising out of officer's predicate acts of bribery). MetLife is alleged to

be vicariously liable for each and every act performed by an employee, associate, agent or

representative of MetLife.  In order to establish this vicarious liability, plaintiffs will show

that MetLife had knowledge of, or was recklessly indifferent toward, the unlawful activity of

Wezner and the Wezner entities, as well as the unlawful activities of the other MetLife

employees and agents.  See *Gruber v. Prudential-Bache Securities, Inc.,* 679 F.Supp. 165,

181 (D.Conn. 1987); see also *USA Certified Merchants, LLC v. Koebel, 262* F.Supp.2d 319,

328, *recons. den.,* 273 F.Supp.2d 501 (S.D.N.Y. 2003).

Each and every wrongful act was performed by Wezner, the Wezner entities, and the

other MetLife employees and agents on behalf of MetLife and within the scope of their

authority, and the knowledge and actions of each and every said employee, associate, agent

or representative are fully imputable to MetLife.  In addition, a number of high-level

employees were involved in the racketeering activity and participated in the racketeering

activity by, among other things, failing to inform plaintiffs of Wezner's wrongful conduct

upon MetLife's discovery of same, engaging in concerted actions to conceal Wezner's

wrongful conduct, and directly and substantially benefitting from the racketeering activity.

3.    **List other wrongdoers, other than the named defendants, and describe the misconduct of each wrongdoer**:

The other wrongdoers include the Wezner Enterprise, which as alleged at paragraphs 94

through 96 of the Complaint, is an ongoing organization which engages in, and whose activities

affect, interstate commerce.  The Wezner Enterprise functions by utilization of individuals and

entities providing insurance consultation, advice and related services as well as insurance

products.  Some of these services and products may be legitimate; however, through the Wezner

Enterprise defendants MetLife, Wezner, and the Wezner Entities have engaged in a pattern of

racketeering activity which involves a fraudulent scheme to increase premium payments to

MetLife and convert funds to the Wezner Entities by unauthorized disbursements from plaintiffs'

accounts and by charging commissions, penalties and other fees in connection with the sale of the

MetLife insurance policies and services.

Additional wrongdoers not named as defendants include officers and employees of the

named defendants, as well as other insurance brokers and insurance companies not named as

defendants who assisted in carrying out the wrongful conduct alleged in the complaint. Other

wrongdoers, co-conspirators and aiders and abettors will be identified during the course of

discovery.

**4.      List the victims and state how each victim was injured:**

Each plaintiff is a victim of continues to be injured in their business and property as a

result of defendants' activity, including the following:  (i) the conversion of funds from some and

perhaps all of the policies and accounts identified on Schedule A to the Complaint, much of which

wrongful activity is conceded by MetLife; (ii) the conversion of the ManuLife stock as identified

in paragraphs 31 through 37 of the Complaint; (iii) the payment of excessive premiums and

undisclosed fees and charges for the insurance products and services, including payments for

services and coverage that was never provided; (iv) the conversion of plaintiffs' MetLife insurance

policy as identified at paragraphs 80-87 of the Complaint; (iv) the conspiracy to conceal the

foregoing and the other wrongful activity identified in the Complaint resulted in plaintiffs'

inability to prevent losses due to the conversion and fraud of Wezner and the other defendants as

alleged in the Complaint; (v) receiving insurance policies and other benefits that were more

expensive and/or inferior to other available policies, which plaintiffs accepted based upon the

representations and recommendations of Wezner, MetLife and the Wezner Entities; (vi) not being

reimbursed for money improperly collected.  In the absence of the defendants' violations of 18

U.S.C. §1962(c) and (d), these damages would have never been sustained or would have been

substantially reduced.

> 5.    **Describe in detail the pattern of racketeering activity or collection of unlawful debts for each RICO claim. The description of the pattern of racketeering shall:  a. List the predicate acts and the specific statutes which were violated; b. State the dates of the participants in the predicate acts, and the facts surrounding the predicate acts; c. If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).  Identify the nature, time, place and contents of misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made; it must be clear why the plaintiff claims the acts to constitute fraud or misrepresentations; d. State whether there has been a criminal conviction for violation of the predicate acts; e. State whether civil litigation has resulted in a judgment with regard to the predicate acts; f. Describe how the predicate acts form a "pattern of racketeering activity"; and g. State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.:**

(a)  Defendants have engaged in numerous predicate acts of mail and wire fraud. In

carrying out these overt acts and fraudulent schemes described throughout this RICO Case

Statement, defendants have violated federal laws including mail and wire fraud, 18 U.S.C. §§

1341 and 1343. Additionally, the Defendants violated 18 U.S.C. § 1954. These predicate acts

constitute a pattern of racketeering through which defendants have violated 18 U.S.C. § 1962(c)

and (d).

(b) and (c)  The participants in the predicate acts include all defendants as well as various other wrongdoers not named as defendants, as set forth in Section 2 above.  The facts and circumstances surrounding the predicate acts evidence a fraudulent scheme constituting a pattern of racketeering.  The object of the fraudulent scheme has been to and is to divert funds from plaintiffs to Wezner, the Wezner Entities, and the Wezner Enterprise, and conceal the conversion of these funds and increase the revenues earned and preserve the revenues wrongfully earned and received by MetLife.  The dates these activities began was January 2003 and perhaps earlier and the activities continued on perhaps a monthly basis, and more frequently at times, and are ongoing at this time.

To carry out or attempt to carry out their scheme to defraud or obtain money by means of false pretenses, representations or promises, defendants MetLife, Wezner, and the Wezner Entities, in violation of 18 U.S.C. §§ 1341 1342 and 1343, placed in post offices and/or official depositories of the United States Postal Service matter and things to be delivered by the Postal Service, caused matter and things to be delivered by commercial interstate carrier, and received matter and things from the Postal Service or commercial interstate carriers, including, but not limited to, agreements, correspondence, policy materials, binders, fee schedules, payments from plaintiffs that constituted the fruits of these defendants' wrongful and fraudulent conduct, claims, responses to claims, and coverage letters, false information intended to be included in filings with the Internal Revenue Service and the Securities Exchange Commission.

MetLife Defendants, Wezner, and the Wezner Entities, in violation of 18 U.S.C. §§ 1343 and 1342, also transmitted and received by wire, matters and things including, but not limited to, agreements, correspondence, policy materials, binders, fee schedules, payments from clients and

insurers that constituted the fruits of these defendants' wrongful conduct, claims, responses to claims, and coverage letters, false information intended to be included in filings with the Internal Revenue Service and the Securities Exchange Commission.

(d) and (e)  Upon information and belief, there is a pending criminal investigation of Wezner's conduct and there are additional pending civil proceedings; however, plaintiffs are unaware of any conviction or judgment at this time.

(f) and (g) The alleged predicate acts occur on a regular and on-going basis.  The following are some examples of predicate acts.  Specific details regarding more precise dates, times, places and identities of other parties participating many of the predicate acts will be provided after further investigation and discovery.

MetLife, Wezner, and the Wezner Entities have engaged in a "pattern of racketeering activity," as defined in 18 U.S.C. §1961(5), by committing or aiding and abetting in the commission of at least two acts of racketeering activity (i.e., indictable violations of 18 U.S.C. §§1341, 1342 and 1343 as described above) within the past ten years.  Throughout the period of racketeering activity, Wezner, the Wezner Entities, and MetLife regularly disseminated by mail and wire information containing materially false and misleading representations and omissions regarding the nature and status of the policies and accounts maintained by plaintiffs with MetLife. Under the direction and control of MetLife, Wezner procured and managed, on behalf of plaintiffs, the policies, annuities, accounts, and other investments listed on Schedule A to the Complaint. The information pertaining to the account or policy holder, the amount of withdrawals, loans, charges, credits, and debits to the policies and accounts, the transaction history, the ownership of the accounts, and other material items were not disclosed to or were misrepresented to plaintiffs.

Each act of racketeering activity was related, had a similar purpose, involved the same or similar participants and method of commission, had similar results, and impacted similar victims, including plaintiffs. The multiple acts of racketeering activity, which defendants MetLife, Wezner, and the Wezner Entities committed and/or conspired to or aided and abetted in the commission of, were related to each other in furtherance of the scheme described above, amount to and pose a threat of continued racketeering activity, and therefore constitute a "pattern of racketeering activity" as described in 18 U.S.C. §1961(5).

Section 1962(c) of RICO provides that "it shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . ." Through the pattern of racketeering activity described above, defendants MetLife, Wezner, and the Wezner Entities have conducted or participated in the conduct of the affairs of the enterprises and, accordingly, have violated §1962(c).

Section 1962(d) of RICO makes it unlawful "for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." The conspiracy of MetLife, Wezner, and the Wezner Entities to increase premium payments to MetLife and convert funds to the Wezner Entities by unauthorized disbursements from plaintiffs' accounts and by charging commissions, penalties and other fees in connection with the sale of the MetLife insurance policies and services and by abandoning their duties to plaintiffs and concealing their fraudulent scheme as described above violates 18 U.S.C. §1962(d).

**6.**      **Describe in detail the alleged enterprise for each RICO claim.  A
description of the enterprise shall:  a. State the names of the
individuals, partnerships, corporations, associations, or other legal
entities that constitute the enterprise; b. Describe the structure,
purpose, function and course of conduct of the enterprise; c. State
whether any defendants are employees, officers or directors of the
alleged enterprise; d. State whether any defendants are associated with
the enterprise; e. State whether you claim that the defendants are
individuals or entities separate from the enterprise, or that the
defendants are the enterprise itself, or members of the enterprise; and
f. if any defendants are alleged to be the enterprise itself, or members of
the enterprise, explain whether such defendants are perpetrators,
passive instruments, or victims of the alleged racketeering activity.:**

Defendant Metropolitan Life Insurance Company; (b) defendant MetLife Securities, Inc.;

(c) defendant Richard Wezner; (d) defendants the Wezner Entities; and (e) individuals enlisted by

MetLife, Wezner, and the Wezner Entities to further the fraudulent schemes alleged herein,

including unofficial entities and groups who have received payments from or benefited from the

fraudulent scheme perpetrated by Wezner and the Wezner Entities, with the assistance and aid of

MetLife and its agents and employees (hereafter the Wezner Enterprise). The Wezner Enterprise is

an ongoing organization which engages in, and whose activities affect, interstate commerce.

MetLife, Wezner, and the Wezner Entities have directed and controlled the ongoing organization

necessary to implement their profit-making scheme and illicit business practices, for example,

through numerous communications as described herein.  The Wezner Enterprise functions by

providing insurance consultation, advice and related services as well as insurance products.  Some

of these services and products may be legitimate; however, through the Wezner Enterprise

defendants MetLife, Wezner, and the Wezner Entities have engaged in a pattern of racketeering

activity which involves a fraudulent scheme to increase premium payments to MetLife and

convert funds to the Wezner Entities by unauthorized disbursements from plaintiffs' accounts and

by charging commissions, penalties and other fees in connection with the sale of the MetLife

insurance policies and services.   Through the Wezner Enterprise, defendants MetLife, Wezner,

and the Wezner Entities implemented their fraudulent scheme and the Enterprise functioned as a

continuing unit for the common purpose of increasing the profit of the MetLife Defendants,

Wezner, and the Wezner Entities.  The MetLife Defendants, Wezner, and the Wezner Entities

participate in and are members of the Wezner Enterprise; however, they also have an existence

separate and distinct from the Enterprise.  Defendants MetLife, Wezner, and the Wezner Entities

have substantially participated in the conduct of and have exercised control and operated the

affairs of the Wezner Enterprise by the means described in the preceding allegations herein.  The

Wezner Enterprise has an ascertainable structure separate and apart from the pattern of

racketeering activity in which defendants MetLife, Wezner, and the Wezner Entities have

engaged.  For example, additional agents and employees of MetLife and the Wezner Entities,

along with the as yet unknown fictional defendants identified in the Complaint, aided and assisted

the Wezner Enterprise by virtue of the fraudulent concealment of the conversion and wrongful

acts alleged in the Complaint, by notarizing fraudulent documents, by aiding in fraudulent

transactions, and by doing all of the foregoing through the use of mail and wire services.

> 7. **State and describe in detail whether you claim that the pattern of racketeering activity and the enterprise are separate or have merged into one entity**.:

Defendants are members of the enterprise but have an existence separate and distinct from

the enterprise.

8.    **Describe the relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all**.

The Wezner Enterprise functions by providing insurance and investment consultation, advice and related services as well as insurance and investment products.  Some of these services and products are legitimate and nonfraudulent.  The activities of the enterprise involve recommendations and the provision of insurance and investment products which best meet the needs of the MetLife clients.  The Wezner and MetLife defendants, through the enterprise described above, have engaged in a pattern of racketeering activity which involves a fraudulent scheme to conceal the conversion of the insurance and investments products that plaintiffs purchased from MetLife, to increase premium revenues for MetLife and to increase commissions for Wezner and the Wezner Entities, and to obtain other compensation through non-disclosure and through direct false statements.

9.    **Describe what benefits, if any, the enterprise receives from the alleged patterns of racketeering**.

The Wezner Enterprise benefits from receipt of a portion of the income as addressed in Section 8 above.

10.    **Describe the effect of the activities of the enterprise on interstate or foreign commerce**.

The activities of the enterprises are national in scope.  The enterprise has a substantial impact upon the economy and upon interstate commerce. The enterprises is carried out through mail, wire and other facilities of interstate commerce.

11.     **If the complaint alleges a violation of 18 U.S.C. § 1962(a): (1) State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and (2) Describe the use or investment of such income**.

Plaintiffs do not allege a violation of 18 U.S.C. § 1962(a) at this time but may amend the

Complaint to assert such claims after the opportunity for further investigation and discovery.

12.     **If the complaint alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise**.

Plaintiffs do not allege a violation of 18 U.S.C. § 1962(b) at this time but may amend the

Complaint to assert such claims after the opportunity for further investigation and discovery.

13.     **If the complaint alleges a violation of 18 U.S.C. § 1962(c): (1) State who is employed by or associated with the enterprise; and (2) Describe whether the same entity is both the liable "person" and the "enterprise" under § 1962(c)**.

Plaintiffs refer to their response to Section 6 above.  The same entity is not both the liable

person and enterprise.

14.     **If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy**.

Defendants have engaged in a common course of conduct and conspiracy to defraud

plaintiffs and to conceal their wrongful and illegal conduct.  The common scheme and conspiracy

involves all of the Wezner Entities, MetLife, and individuals and entities associated with the

Wezner Enterprise and who have facilitated the conspiracy.  The purpose and effect of the

conspiracy is to convert funds from plaintiffs' insurance and investment accounts, increase and

preserve premium revenues for MetLife, and increase commissions for Wezner and the Wezner

Entities.  The actions of these defendants were all part of the same conspiracy to obtain income at

plaintiffs' expense.  Each of these defendants was aware of the general nature of or the existence

of this scheme and shared the common objective of concealing the wrongful and illegal conduct

that caused plaintiffs substantial damages.  Each of these defendants and each member of the

conspiracy, with knowledge and intent, has agreed to the overall objective of the conspiracy and

has committed acts of fraud, including fraudulent representations and fraudulent concealment, all

in furtherance of this conspiratorial objective.

> 15.    **Describe the alleged injury to business or property**.

Plaintiffs have been injured in their business and property as a result of defendants'

activitities, including the following:  (i) the conversion of funds from some and perhaps all of the

policies and accounts identified on Schedule A to the Complaint, much of which wrongful

activity is conceded by MetLife; (ii) the conversion of the ManuLife stock as identified in

paragraphs 31 through 37 of the Complaint; (iii) the payment of excessive premiums and

undisclosed fees and charges for the insurance products and services, including payments for

services and coverage that was never provided; (iv) the conversion of plaintiffs' MetLife

insurance policy as identified at paragraphs 80-87 of the Complaint; (iv) the conspiracy to

conceal the foregoing and the other wrongful activity identified in the Complaint resulted in

plaintiffs' inability to prevent losses due to the conversion and fraud of Wezner and the other

defendants as alleged in the Complaint; (v) receiving insurance policies and other benefits that

were more expensive and/or inferior to other available policies, which plaintiffs accepted based

upon the representations and recommendations of Wezner, MetLife and the Wezner Entities; (vi)

not being reimbursed for money improperly collected.  In the absence of the defendants'

violations of 18 U.S.C. §1962(c) and (d), these damages would have never been sustained or would have been substantially reduced.

16.    **Describe the direct causal relationship between the injury and the violation of the RICO statute**.

The predicate acts with respect to the enterprise described in Section 6 above caused the loss of insurance and investments policies, the conversion of all or a portion of the value of these policies caused a direct loss to plaintiffs, the payment of excess premiums and costs and commissions caused a direct loss to plaintiffs, among other losses as set forth in the Complaint.

17.    **List the damages sustained for which each defendant is liable**.

As to the defendants that are the subject of the RICO allegations (MetLife, Wezner and the Wezner Entities (along with the fictitious defendants to be identified) plaintiffs seek judgment for compensatory damages, consequential damages, and punitive damages, they also seek treble damages and attorneys' fees as provided for in 18 U.S.C. § 1961 et seq.; and also judgment for all attorneys' fees, costs and expenses incurred in this matter.

18.    **List all other federal causes of action, if any, and provide the relevant statute numbers**.

Plaintiffs have alleged violations of 18 U.S.C. §2, 18 U.S.C. §1341, 18 U.S.C. §1343, 18 U.S.C. §1342, 18 U.S.C. §1961 et seq., statutory claims including failure to supervise and potential violations of the securities laws.  Plaintiffs anticipate adding additional causes of action as further discovery warrants.

19.     **List all pendent state claims, if any**.

The pendent state claims include claims for fraud, civil conspiracy, aiding and abetting fraud, conversion, negligent misrepresentation, breach of fiduciary duty, aiding and abetting, accounting, unjust enrichment, rescission, willful frustration of contract, and statutory claims, and unfair and deceptive business practices.  Plaintiffs anticipate adding additional causes of action as further discovery warrants.

20.     **Provide any additional information potentially helpful to the Court in adjudicating your RICO claim**.

Much of the additional information necessary to expand upon plaintiffs' RICO allegations and other claims requires the production of information from defendants that has been wrongfully withheld.  For example, defendant MetLife failed to provide plaintiffs with information relating to the reasons for Wezner's termination.  It failed to advise plaintiffs that MetLife's agents or employees had discovered Wezner's fraud directly related to the claims asserted here.  MetLife has undertaken an extensive investigation of Wezner's conduct as it relates to plaintiffs' accounts, yet it has failed to disclose the results of that investigation to plaintiffs.  MetLife enabled Wezner to commit fraud by virtue of the conversion of plaintiffs' ManuLife secrurities, but it has failed to disclose the identity of the individual at MetLife who gave the sale order to Wezner's entity or other details regarding the fraudulent documents that MetLife received and distributed in connection with that sale.

Dated:  November 7, 2007

Respectfully submitted,
MANDELBAUM, SALSBURG, GOLD,
LAZRIS & DISCENZA, P.C.
*Attorneys for Plaintiffs*

/s/ David A. Ward
David A. Ward (DAW 7669)