**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendants
Metropolitan Life Insurance Company
Metropolitan Securities, Inc., and
Pennsylvania Business Group

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| A-DEL CONSTRUCTION CORP., BARRY J. BAKER, and HARRY G. JOHNSON, | : | CIV NO. 1:07-09324-DAB |
| | : | Civil Action |
| Plaintiffs, | : | **ANSWER, AFFIRMATIVE DEFENSES, AND CROSS CLAIMS OF DEFENDANTS METROPOLITAN LIFE INSURANCE** |
| vs. | : | **COMPANY, METROPOLITAN SECURITIES, INC., AND PENNSYLVANIA BUSINESS GROUP** |
| METROPOLITAN LIFE INSURANCE COMPANY, METROPOLITAN SECURITIES, INC., RICHARD WEZNER, PLR MANAGEMENT CO., LLC, PENNSYLVANIA BUSINESS GROUP, UNITED GROUP PROGRAMS, MEDICAL BENEFIT ADMINISTRATORS, MANULIFE FINANCIAL CORPORATION, DONALD NEUHAUS, AMERICAN FINANCIAL SERVICES, INC., fictitious defendants, JOHN DOE(S) I-X and ABC COMPANY(IES) I-X, | : : : : : : : | |
| Defendants. | : | |

## ANSWER

Defendants Metropolitan Life Insurance Company, an insurance company organized

under the laws of New York, with its principal place of business located at 200 Park Avenue,

New York, New York; MetLife Securities, Inc. (improperly pled as "Metropolitan Securities,

Inc."), a subsidiary of Metropolitan Life Insurance Company organized under the laws of New

York, with its principal place of business located at 200 Park Avenue, New York, New York; and Pennsylvania Business Group, a trade name under which Metropolitan Life Insurance Company operates and having a place of business located at Suite 100, 450 Plymouth Road, Plymouth Meeting, Pennsylvania, 19462; (collectively, "MetLife"), through their attorneys, McCarter & English, LLP, by way of Answer to the Complaint, states as follows:

1.      MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and therefore can neither admit nor deny them.

2.      MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint and therefore can neither admit nor deny them.

3.      MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint and therefore can neither admit nor deny them.

4.      The allegations set forth in Paragraph 4 of the Complaint are admitted.

5.      The allegations set forth in Paragraph 5 of the Complaint are admitted to the extent "Metropolitan Securities, Inc." is meant to refer to MetLife Securities, Inc.

6.      MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore can neither admit nor deny them.

7.      The allegations of paragraph 7 are admitted in part and denied in part.  Defendant Pennsylvania Business Group is a trade name under which Metropolitan Life Insurance Company operates and has a place of business located at Suite 100, 450 Plymouth Road, Plymouth Meeting, Pennsylvania, 19462.  The remaining allegations of paragraph 7 are denied.

ME1 7067935v.1

8.      MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint and therefore can neither admit nor deny them.

9.      MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint and therefore can neither admit nor deny them.

10.      MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and therefore can neither admit nor deny them.

11.      MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and therefore can neither admit nor deny them.

12.      MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint and therefore can neither admit nor deny them.

13.      MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and therefore can neither admit nor deny them.

14.      MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and therefore can neither admit nor deny them.

15.      MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and therefore can neither admit nor deny them.

ME1 7067935v.1

16.    The allegations of Paragraph 16 contain only legal conclusions to which no response is required.  To the extent Paragraph 16 is deemed to contain allegations of fact, MetLife admits that the parties are diverse and that the amount in controversy set forth in plaintiffs' Complaint is claimed to exceed $75,000.  MetLife denies the remaining allegations.

17.    To the extent Paragraph 17 is deemed to contain allegations of fact, MetLife does not dispute that venue is proper in this judicial district, but denies that a substantial part of the events giving rise to the claims occurred in this district.

## FIRST COUNT

18.    The allegations set forth in Paragraph 18 of Plaintiffs' Complaint are admitted.

19.    The allegations of Paragraph 19 of Plaintiffs' Complaint are admitted in part and denied in part.  MetLife admits that it employed Wezner from February 20, 1999 to April 22, 2005, as a sales representative.  MetLife denies the remaining allegations of Paragraph 19.

20.    The allegations of Paragraph 20 of Plaintiffs' Complaint are admitted in part and denied in part.  MetLife admits that defendant Wezner was the sales representative for certain of plaintiffs' policies, annuities, accounts, and investments.  MetLife denies the remaining allegations of Paragraph 20, including Schedule A.

21.    The allegations of Paragraph 21 of Plaintiffs' Complaint are admitted in part and denied in part.  MetLife admits that it employed Wezner from February 20, 1999 to April 22, 2005, as a sales representative.  MetLife denies the remaining allegations of Paragraph 21.

22.    MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and therefore can neither admit nor deny them.

ME1 7067935v.1

23.     MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint and therefore can neither admit nor deny them.

24.     MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint and therefore can neither admit nor deny them.

25.     The allegations set forth in Paragraph 25 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 25 of the Complaint are denied.

26.     The allegations set forth in Paragraph 26 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 26 of the Complaint are denied.

27.     The allegations set forth in Paragraph 27 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 27 of the Complaint are denied.

28.     The allegations set forth in Paragraph 28 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 28 of the Complaint are denied.

29.     The allegations set forth in Paragraph 29 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 29 of the Complaint are denied.

## <u>SECOND COUNT</u>

30.     Paragraphs 1 through 29 of MetLife's Answer to Plaintiff's Complaint are incorporated by reference as if set forth in full herein.

ME1 7067935v.1

31.    MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint and therefore can neither admit nor deny them.

32.    MetLife denies the allegations of Paragraph 32.

33.    MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint and therefore can neither admit nor deny them.

34.    The allegations set forth in Paragraph 34 of the Complaint are admitted in part. MetLife admits that plaintiffs contacted MetLife to request its assistance in determining the actions by defendant Wezner.  MetLife lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 34 of the Complaint and therefore can neither admit nor deny them.

35.    The allegations set forth in Paragraph 35 of the Complaint are admitted in part. MetLife admits that plaintiffs contacted MetLife to request its assistance in obtaining the return of the Manulife securities.  MetLife lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 35 of the Complaint and therefore can neither admit nor deny them.

36.    The allegations set forth in Paragraph 36 of the Complaint are admitted in part and denied in part.  MetLife admits that it has undertaken an investigation of defendant Wezner's actions and has communicated with plaintiffs during the course of its investigation.  MetLife denies the remaining allegations of Paragraph 36 of the Complaint.

37.    The allegations set forth in Paragraph 37 of the Complaint are admitted in part and denied in part.  MetLife admits that it has not advised plaintiffs of the result of its investigation of Wezner, nor has it made any payments or entered into any other transaction with

plaintiffs as a result of Wezner's actions, as it is under no obligation to do so absent evidence to the contrary. MetLife denies the remaining allegations of Paragraph 36 of the Complaint.

38.    MetLife denies the allegations of Paragraph 38 of the Complaint, and states further that it is under no obligation to assist plaintiffs in their attempt to obtain the return of their Manulife Securities from Wezner.

39.    The allegations set forth in Paragraph 39 are not directed to MetLife, and, accordingly, no answer is required. To the extent a response is required, MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint and therefore can neither admit nor deny them.

40.    The allegations set forth in Paragraph 40 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required. To the extent a response is required, MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint and therefore can neither admit nor deny them.

41.    The allegations set forth in Paragraph 41 are not directed to MetLife, and, accordingly, no answer is required. To the extent a response is required, the allegations of Paragraph 41 are denied.

42.    The allegations set forth in Paragraph 42 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required. To the extent a response is required, the allegations set forth in Paragraph 42 of the Complaint are denied.

43.    The allegations set forth in Paragraph 43 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required. To the extent a response is required, the allegations set forth in Paragraph 43 of the Complaint are denied.

ME1 7067935v.1

### THIRD COUNT

44.     Paragraphs 1 through 44 of MetLife's Answer to Plaintiff's Complaint are incorporated by reference as if set forth in full herein.

45.     The allegations set forth in Paragraph 45 of the Complaint are admitted in part. MetLife admits that plaintiffs contacted MetLife to request its assistance in determining the actions by defendant Wezner.  MetLife lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 45 of the Complaint and therefore can neither admit nor deny them.

46.     The allegations set forth in Paragraph 46 of the Complaint are admitted in part and denied in part.  MetLife admits that it has undertaken an investigation of defendant Wezner's actions and has communicated with plaintiffs during the course of its investigation.  MetLife denies the remaining allegations of Paragraph 46 of the Complaint.

47.     The allegations set forth in Paragraph 47 of the Complaint are admitted in part and denied in part.  MetLife admits that it has not advised plaintiffs of the result of its investigation of Wezner, nor has it made any payments or entered into any other transaction with plaintiffs as a result of Wezner's actions, as it is under no obligation to do so absent evidence to the contrary.  MetLife denies the remaining allegations of Paragraph 46 of the Complaint.

### FOURTH COUNT

48.     Paragraphs 1 through 48 of MetLife's Answer to Plaintiff's Complaint are incorporated by reference as if set forth in full herein.

49.     MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint and therefore can neither admit nor deny them.

ME1 7067935v.1

50.    The allegations of Paragraph 50 of Plaintiffs' Complaint are admitted in part and denied in part.  MetLife admits that it employed Wezner from February 20, 1999 to April 22, 2005, as a sales representative.  MetLife denies the remaining allegations of Paragraph 50.

51.    The allegations set forth in Paragraph 51 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 51 of the Complaint are denied.

52.    The allegations set forth in Paragraph 52 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 52 of the Complaint are denied.

53.    The allegations set forth in Paragraph 53 of Plaintiffs' Complaint are denied.

54.    The allegations set forth in Paragraph 54 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 54 of the Complaint are denied.

55.    The allegations set forth in Paragraph 55 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 55 of the Complaint are denied.

56.    The allegations set forth in Paragraph 56 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 56 of the Complaint are denied.

57.    The allegations set forth in Paragraph 57 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 57 of the Complaint are denied.

## FIFTH COUNT

58.    Paragraphs 1 through 58 of MetLife's Answer to Plaintiff's Complaint are incorporated by reference as if set forth in full herein.

59.    The allegations of Paragraph 59 of Plaintiffs' Complaint are admitted in part. MetLife admits that it employed Wezner from February 20, 1999 to April 22, 2005, as a sales representative.  MetLife lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 59 of the Complaint and therefore can neither admit nor deny them.

60.    MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Complaint and therefore can neither admit nor deny them.

61.    MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 61 of the Complaint and therefore can neither admit nor deny them.

62.    The allegations of Paragraph 62 of Plaintiffs' Complaint are admitted in part and denied in part.  MetLife admits that it employed Wezner from February 20, 1999 to April 22, 2005, as a sales representative.  MetLife denies the remaining allegations of Paragraph 62.

63.    The allegations set forth in Paragraph 63 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 63 of the Complaint are denied.

64.    The allegations set forth in Paragraph 64 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 64 of the Complaint are denied.

65.    The allegations set forth in Paragraph 65 of Plaintiffs' Complaint are denied.

ME1 7067935v.1

66.     The allegations set forth in Paragraph 66 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 66 of the Complaint are denied.

67.     The allegations set forth in Paragraph 67 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 67 of the Complaint are denied.

68.     The allegations set forth in Paragraph 68 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 68 of the Complaint are denied.

69.     The allegations set forth in Paragraph 69 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 69 of the Complaint are denied.

## SIXTH COUNT

70.     Paragraphs 1 through 69 of MetLife's Answer to Plaintiff's Complaint are incorporated by reference as if set forth in full herein.

71.     The allegations set forth in Paragraph 71 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 71 of the Complaint are denied.

72.     The allegations set forth in Paragraph 72 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 72 of the Complaint are denied.

73.     The allegations set forth in Paragraph 73 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 73 of the Complaint are denied.

ME1 7067935v.1

74.    The allegations set forth in Paragraph 74 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 74 of the Complaint are denied.

75.    The allegations set forth in Paragraph 75 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 75 of the Complaint are denied.

76.    The allegations set forth in Paragraph 76 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 76 of the Complaint are denied.

77.    The allegations set forth in Paragraph 77 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 77 of the Complaint are denied.

78.    The allegations set forth in Paragraph 78 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 78 of the Complaint are denied.

## SEVENTH COUNT

79.    Paragraphs 1 through 78 of MetLife's Answer to Plaintiff's Complaint are incorporated by reference as if set forth in full herein.

80.    MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 80 of the Complaint and therefore can neither admit nor deny them.

81.    MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 81 of the Complaint and therefore can neither admit nor deny them.

ME1 7067935v.1

82.    The allegations set forth in Paragraph 82 of Plaintiffs' Complaint are denied.

83.    The allegations set forth in Paragraph 83 of the Complaint are admitted in part. MetLife admits that plaintiffs contacted MetLife to request its assistance in determining the actions by defendant Wezner.  MetLife lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 45 of the Complaint and therefore can neither admit nor deny them.

84.    MetLife denies the allegations of Paragraph 84 of the Complaint, and states further that it is under no obligation to assist plaintiffs in their attempt to obtain the return of their MetLife policy from defendant Neuhaus.

85.    The allegations set forth in Paragraph 85 are not directed to MetLife, and, accordingly, no answer is required.  To the extent a response is required, MetLife lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 85 of the Complaint and therefore can neither admit nor deny them.

86.    The allegations set forth in Paragraph 86 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 86 of the Complaint are denied.

87.    The allegations set forth in Paragraph 87 are not directed to MetLife, and, accordingly, no answer is required.  To the extent a response is required, the allegations of Paragraph 87 are denied.

88.    The allegations set forth in Paragraph 88 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 88 of the Complaint are denied.

ME1 7067935v.1

89.     The allegations set forth in Paragraph 89 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 89 of the Complaint are denied.

## EIGHTH COUNT

90.     Paragraphs 1 through 89 of MetLife's Answer to Plaintiff's Complaint are incorporated by reference as if set forth in full herein.

91.     The allegations set forth in Paragraph 91 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 91 of the Complaint are denied.

92.     The allegations set forth in Paragraph 92 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 92 of the Complaint are denied.

93.     The allegations set forth in Paragraph 93 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 93 of the Complaint are denied.

94.     The allegations set forth in Paragraph 94 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 94 of the Complaint are denied.

95.     The allegations set forth in Paragraph 95 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 95 of the Complaint are denied.

96.     The allegations set forth in Paragraph 96 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 96 of the Complaint are denied.

97.    The allegations set forth in Paragraph 97 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 97 of the Complaint are denied.

98.    The allegations set forth in Paragraph 98 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 98 of the Complaint are denied.

99.    The allegations set forth in Paragraph 99 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 99 of the Complaint are denied.

100.    The allegations set forth in Paragraph 100 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 100 of the Complaint are denied.

101.    The allegations set forth in Paragraph 101 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 101 of the Complaint are denied.

102.    The allegations set forth in Paragraph 102 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 102 of the Complaint are denied.

103.    The allegations set forth in Paragraph 103 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 103 of the Complaint are denied.

104.    The allegations set forth in Paragraph 104 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 104 of the Complaint are denied.

ME1 7067935v.1

105.    The allegations set forth in Paragraph 105 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 105 of the Complaint are denied.

106.    The allegations set forth in Paragraph 106 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 106 of the Complaint are denied.

107.    The allegations set forth in Paragraph 107 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 107 of the Complaint are denied.

108.    The allegations set forth in Paragraph 108 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 108 of the Complaint are denied.

109.    The allegations set forth in Paragraph 109 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 109 of the Complaint are denied.

110.    The allegations set forth in Paragraph 110 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 110 of the Complaint are denied.

111.    The allegations set forth in Paragraph 111 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 111 of the Complaint are denied.

112.    The allegations set forth in Paragraph 112 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 112 of the Complaint are denied.

ME1 7067935v.1

113.    The allegations set forth in Paragraph 113 of Plaintiffs' Complaint call for a legal conclusion, and, accordingly, no answer is required.  To the extent a response is required, the allegations set forth in Paragraph 113 of the Complaint are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim against MetLife upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims against MetLife are barred by the doctrines of collateral estoppel and/or res judicata.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are estopped and barred by their own conduct from pursuing the claims set forth in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

At all relevant times, MetLife acted in good faith, in accordance with the applicable laws.

### SIXTH AFFIRMATIVE DEFENSE

The claims against MetLife are barred in whole or in part because plaintiffs have not sustained injury or damage as a result of the matters alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

The claims against MetLife are barred by the doctrines of fraud, release, payment, estoppel and/or waiver.

## EIGHTH AFFIRMATIVE DEFENSE

The damages, if any, suffered by plaintiffs were caused by their own actions, not those of MetLife.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate damages, if any.

## TENTH AFFIRMATIVE DEFENSE

MetLife did not participate in, authorize, ratify, or benefit from any alleged misrepresentations or wrongful acts asserted in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against MetLife are barred because they lack standing.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against MetLife are barred because they lack privity.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against MetLife are barred, in whole or in part, because plaintiffs' damages, if any, were caused solely or in part by the conduct of third parties not under MetLife's control.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint against MetLife are barred by the doctrine of accord and satisfaction.

## FIFTEENTH AFFIRMATIVE DEFENSE

MetLife violated no duty or obligation owed to plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to the damages they seek.

ME1 7067935v.1

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in full or in part by the doctrines of contributory and/or comparative negligence and assumption of risk.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint against MetLife are barred by the doctrine of unclean hands.

## NINETEENTH AFFIRMATIVE DEFENSE

The relief sought is contrary to the public policy of the State of New York and the United States.

## TWENTIETH AFFIRMATIVE DEFENSE

MetLife did not violate any provisions of RICO.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages violate MetLife's procedural Due Process rights under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of New York.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages violate MetLife's rights to protection from excess fines and penalties as provided by the Eighth Amendment to the United States Constitution as well as its rights to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The assessment of punitive damages in this action would impinge upon the Commerce Clause of Article 1, Section 8 of the United States Constitution as it would constitute an undue and unreasonable burden on interstate commerce.

ME1 7067935v.1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages in the instant case as the conduct alleged does not rise to the level of malice as is required under New York law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

MetLife reserves the right to rely on such other and further affirmative defenses as may be supported by facts to be determined through full and complete discovery and to amend the Answer to assert such affirmative defenses.

**WHEREFORE**, defendant MetLife demands judgment as follows:

    A.  Dismissing the Complaint with prejudice;

    B.  Awarding MetLife its reasonable costs and attorneys' fees; and

    C.  Such other and further relief as this court may deem just and proper.

## CROSS-CLAIMS FOR INDEMNIFICATION AGAINST RICHARD WEZNER, PLR MANAGEMENT CO., LLC, UNITED GROUP PROGRAMS, MEDICAL BENEFIT ADMINISTRATORS, DONALD NEUHAUS, AND AMERICAN FINANCIAL SERVICES, INC.

Although MetLife denies any liability, it nonetheless asserts that any and all injuries and damages allegedly sustained by plaintiffs were the proximate result of the actions of plaintiffs and/or co-defendants, Richard Wezner, PLR Management Co., LLC., United Group Programs, Medical Benefit Administrators, Donald Neuhaus, and American Financial Services, Inc., whose actions were primary and active.  If MetLife is found liable to plaintiffs with respect to such injuries or damages, such liability results solely from secondary, imputed, vicarious, or passive negligence, and co-defendants, Richard Wezner, PLR Management Co., LLC., United Group Programs, Medical Benefit Administrators, Donald Neuhaus, and American Financial Services, Inc., are liable to MetLife by way of indemnification for any and all sums which MetLife may be required to pay in this action.

**WHEREFORE**, MetLife demands judgment against co-defendants, Richard Wezner, PLR Management Co., LLC., United Group Programs, Medical Benefit Administrators, Donald Neuhaus, and American Financial Services, Inc. for all sums that may be assessed against MetLife in favor of plaintiffs, together with interest, costs, and attorneys' fees.

**CROSS-CLAIMS FOR CONTRIBUTION
AGAINST RICHARD WEZNER, PLR MANAGEMENT CO., LLC,
UNITED GROUP PROGRAMS, MEDICAL BENEFIT ADMINISTRATORS
DONALD NEUHAUS, AND AMERICAN FINANCIAL SERVICES, INC.**

Although MetLife denies any liability whatsoever to plaintiffs, it nonetheless demands contributions from co-defendants Richard Wezner, PLR Management Co., LLC., United Group Programs, Medical Benefit Administrators, Donald Neuhaus, and American Financial Services, Inc.

**WHEREFORE**, MetLife demands judgment against its co-defendants, Richard Wezner, PLR Management Co., LLC., United Group Programs, Medical Benefit Administrators, Donald Neuhaus, and American Financial Services, Inc. for contribution for any and all sums that may be assessed against them in favor of plaintiffs, together with interest, costs, and attorneys' fees.

Dated:  May 30, 2008

Respectfully submitted,

s/Andrew O. Bunn
Andrew O. Bunn
McCARTER & ENGLISH, LLP
245 Park Avenue, 27th Floor
New York, New York 10167
(212) 609-6800
(212) 609-6921 (fax)

Attorneys for Defendants
Metropolitan Life Insurance Company
Metropolitan Securities, Inc., and
Pennsylvania Business Group