David A. Ward (DAW 7669)  
MANDELBAUM, SALSBURG, GOLD,  
LAZRIS & DISCENZA, P.C.  
90 John Street, Suite 309  
New York, New York  10038  
(212) 791-7200  
*Attorneys for plaintiffs*



UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| A-DEL CONSTRUCTION CORP., BARRY J. BAKER, and HARRY G. JOHNSON,<br><br>Plaintiffs,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, METROPOLITAN SECURITIES, INC., RICHARD WEZNER, PLR MANAGEMENT CO., LLC, PENNSYLVANIA BUSINESS GROUP, UNITED GROUP PROGRAMS, MEDICAL BENEFIT ADMINISTRATORS, MANULIFE FINANCIAL CORPORATION, DONALD NEUHAUS, AMERICAN FINANCIAL SERVICES, INC., fictitious defendants JOHN DOE(S) I-X and ABC COMPANY(IES) I-X,<br><br>Defendants. | CIV. NO.  07cv9324<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR SANCTIONS** |

This matter having been presented to the Court on application of Mandelbaum, Salsburg, Gold, Lazris & Discenza, P.C., counsel for plaintiffs, seeking an order imposing sanctions upon defendants Metropolitan Life Insurance Company, Metropolitan Securities, Inc., and Pennsylvania Business Group (collectively "Met-Life") as a result of their failure to comply with this Court's December 5, 2008 Order (as amended by the Court's January 6, 2009 Order), and the Court finding that MetLife has willfully failed to comply with the Court's Order that it respond to

plaintiffs' settlement demand no later than March 31, 2009, and the Court having reviewed the Declaration of David A. Ward, sworn to on May 18, 2009, and the Memorandum of Law Submitted herewith and the Court finding that sanctions against MetLife are necessary and appropriate pursuant to the Court's inherent authority and Rule 16(f) of the Federal Rules of Civil Procedure, and for good cause shown, it is on this ___ day of _____, 2009 hereby:

ORDERED that plaintiffs' motion for sanctions is hereby granted; and it is further;

ORDERED that MetLife is hereby directed to pay to plaintiffs within 30 days of submission of invoices from plaintiffs' counsel all reasonable attorneys' fees incurred and all expenses incurred by plaintiffs and their counsel in: (a) bringing the subject motion; ~~and (b) attending any subsequent settlement or mediation sessions~~ and it is further

[handwritten: DAB 8/26/09]

ORDERED that all parties are directed to select a mutually agreeable mediator [handwritten insert: paid for by MetLife] and proceed to mediation within 30 days of the date this Order; and it is further

ORDERED that MetLife shall provide to plaintiffs copies of all forensic reports that MetLife has received concerning this matter so that the mediation session will be as productive as possible; and it is further;

ORDERED that in the event of any dispute as to the reasonableness of plaintiffs' fees and expenses or the selection of the mediator such dispute shall be presented to the Court in accordance with Rule II(B)(1) of the Court's Individual Practices.

*Deborah A. Batts*
HONORABLE DEBORAH A. BATTS
USDJ, SDNY    8/26/09

[handwritten: Conference scheduled for 9/25/09 is adjourned pending results of mediation. Any delays caused by MetLife shall, upon motion, subject them to further sanctions. DAB 8/26/09]

MEMO ENDORSED

2